# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED MOUSA,<br><br>          Plaintiff,<br><br>    v.<br><br>LASD, et al.,<br><br>          Defendants. | Case No. CV 19-7607-AB (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## PROCEEDINGS

On September 3, 2019, Mohammed Mousa ("Plaintiff"), a state prisoner proceeding pro se, filed a letter that was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On December 15, 2019, a First Amended Complaint ("FAC") was filed.

For the reasons set forth below, the Court finds that the FAC should be dismissed with leave to amend.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that the Los Angeles County Sheriff's Department ("LASD") and Deputies Morisseau and Kerr violated his civil rights while he was detained at the Los Angeles County Jail. Plaintiff alleges the following:

> Both Defend[a]nts crueled [sic] & unusual punished me by not feeding me on April-25-19 while Passover any breakfast or lunch at all while [I] was on the kosher diet. Mr. Morisseau didn[']t feed me on April-23-19 any dinner at all while it was Passover and [I] was supposed to eat kosher.

(FAC at 5.) He claims "cruel & unusual punishment" and "p[h]ysical & emotional harm" (FAC at 5) and asks for "compensation relief" (FAC at 6).

## DISCUSSION

### I. PLEADING STANDARDS

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely

clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. THE COMPLAINT SHOULD BE DISMISSED WITH LEAVE TO AMEND FOR FAILURE TO COMPLY WITH RULE 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

The FAC does not comply with the standards of Rule 8. Plaintiff fails to allege sufficient facts to enable the Court or Defendants to ascertain the nature and basis of Plaintiff's claims against them. Plaintiff's failure to plainly and succinctly provide defendants with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

Thus, the FAC should be dismissed with leave to amend for failure to comply with Rule 8. Because Plaintiff is proceeding pro se, the Court sets forth below some additional guidance, which Plaintiff should consider if he chooses to file an amended complaint.

4

## III. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION

The caption of the FAC lists LASD as the sole defendant. (FAC at 1.) Deputies Morisseau and Kerr, who are named as "defendants" only in the body of the FAC, have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). Thus, Plaintiff must list all defendants in the caption on page 1 of the amended complaint. The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption. He also must list all defendants in the appropriate section of the amended complaint where Plaintiff is asked to identify the defendants.

## IV. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST LASD OR DEPUTIES MORISSEAU AND KERR IN THEIR OFFICIAL CAPACITIES

Plaintiff has named LASD as a Defendant. (FAC at 1.) He also indicates an intention to sue Deputies Morisseau and Kerr in their individual and official capacities. (FAC at 3.)

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Thus, the claims against Deputies Morisseau and Kerr in their official capacities are tantamount to claims against LASD.

A local governmental entity, such as LASD, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee. City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which Deputies Morisseau or Kerr or any other LASD official allegedly inflicted the injuries about which Plaintiff is complaining. Plaintiff alleges no facts to support a claim against LASD or against Deputies Morisseau or Kerr in their official capacities.

Thus, any claims against LASD or Deputies Morisseau or Kerr in their official capacities are subject to dismissal for failure to set forth facts to support a Monell claim. If Plaintiff chooses to file an amended complaint, he should not sue LASD or Deputies

Morisseau or Kerr in their official capacities unless he can allege specific <u>facts</u> demonstrating that LASD has a policy, regulation, custom, or practice by which the injuries to Plaintiff were inflicted.

**V.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF HIS CIVIL RIGHTS**

**A.    Applicable Law**

1. <u>Civil Rights Claims Under Section 1983</u>

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Karim-Panahi</u>, 839 F.2d at 624. There must be an affirmative link between the defendants' actions and the claimed deprivations. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 372-73 (1976).

2. <u>Free Exercise Clause Of The First Amendment</u>

"Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987) (citations omitted). Nevertheless, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." <u>Id.</u> at 348.

To implicate the Free Exercise Clause, an inmate must show that the belief at issue is both "sincerely held" and "rooted in religious belief." <u>Malik v. Brown</u>, 16 F.3d 330, 333 (9th Cir. 1994); <u>see also</u> <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008) (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis). After the inmate makes this initial showing, he must show that jail officials substantially burden the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. <u>Hernandez v. C.I.R.</u>, 490 U.S. 680, 699 (1989); <u>Shakur</u>,

514 F.3d at 884-85.  "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs."  <u>Ohno v. Yasuma</u>, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting <u>Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter</u>, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)).

A regulation that substantially burdens a prisoner's right to freely exercise his religion will be upheld only if it is reasonably related to a legitimate penological interest.  <u>Shakur</u>, 514 F.3d at 884-85.  In <u>Turner v. Safley</u>, the Supreme Court identified four factors that must be balanced in determining whether a prison regulation is reasonably related to a legitimate penological interest: (1) there must be a valid, rational connection between the regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to inmates; (3) the impact accommodation of the right will have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of ready alternatives.  <u>Shakur</u>, 514 F.3d at 884 (citing <u>Turner v. Safley</u>, 482 U.S. 78, 89-90 (1987)).

### 3. <u>RLUIPA</u>

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") was enacted "'to provide very broad protection for religious liberty'"; it "protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]'"  <u>Holt v. Hobbs</u>, 574 U.S. 352,      , 135 S. Ct. 853, 859, 860 (2015) (quoting <u>Burwell v. Hobby Lobby Stores, Inc.</u>, 573 U.S. 682, 692 (2014), and 42 U.S.C. § 2000cc-5(7)(A) ); <u>see also</u> <u>Warsoldier v. Woodford</u>, 418 F.3d 989, 995 (9th Cir. 2005) (RLUIPA must be "construed broadly in favor of protecting an inmate's right to exercise his religious beliefs").  Under RLUIPA, a prisoner must show that the relevant exercise of religion is grounded in a sincerely held religious belief and not some other motivation.  <u>Holt</u>, 135 S. Ct. at 862.  Next,

the inmate bears the burden of establishing that a prison policy constitutes a substantial burden on that exercise of religion. Id.; Warsoldier, 418 F.3d at 994 (citing 42 U.S.C. § 2000cc-2(b) ).

If the inmate makes those two showings, the burden shifts to the government to prove that the substantial burden on the inmate's religious practice both furthers a compelling governmental interest and is the least restrictive means of doing so. Warsoldier, 418 F.3d at 995. This compelling governmental interest test imposes a much stricter burden on the government than the First Amendment's alternative means test. See Holt, 135 S. Ct. at 862; Greene v. Solano Cnty. Jail, 513 F.3d 982, 986 (9th Cir. 2008).

### 4. Conditions of Confinement Claim

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Although it appears that Plaintiff may have been a pretrial detainee, and not a prisoner, and his rights with respect to the conditions of his confinement come "under the Fourteenth Amendment" and not the Eighth Amendment, his rights "are comparable to prisoners' rights under the Eighth . . . [as courts] apply the same standards." Frost v. Agnos, 152 F.3d 1123, 1128 (9th Cir.1998). Like prisoners, pretrial detainees are guaranteed to receive "adequate food, clothing, shelter, sanitation, and medical care." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Minimal deviations from comfortable conditions that do not last for an extended time period are considered "de minimis injuries" and do not "constitute a constitutional violations." See Bell v. Wolfish, 441 U.S. 520, 539 (1979). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832.

To properly plead "cruel and unusual" punishment, a prisoner or pretrial detainee must allege facts which demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that prison officials had a "sufficiently culpable state of mind." Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). Thus, there is both

an objective and subjective component to the inquiry.  Hallett v. Morgan, 296, F.3d 732, 744 (9th Cir. 2002).  More specifically, in order to state a viable conditions of confinement claim, a plaintiff first must plead facts sufficient to show that he was subjected to an objectively serious deprivation of "the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 832.  The "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of the inquiry.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 1999).  Second, a plaintiff must demonstrate the prison official's subjective "culpable state of mind" by showing the official acted with "deliberate indifference" to his health or safety.  Farmer, 511 U.S. at 834.  This requires the prisoner to allege facts demonstrating that the official displayed a subjective indifference "to a substantial risk of serious harm."  Frost, 152 F.3d at 1128.  "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  If an official "should have been aware of the risk, but was not, then the [official] has not [violated a party's Constitutional rights], no matter how severe the risk."  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.2002).

**B.    Analysis**

Plaintiff alleges that LASD and Deputies Morisseau and Kerr failed to provide him with dinner on April 23, 2019, and breakfast or lunch on April 25, 2019, although he was supposed to receive kosher meals during Passover.  (FAC at 5.)  It is unclear whether he is claiming a violation of his civil rights based on the failure to provide kosher meals or if his claims are based on the failure to provide him with any food at all on these three occasions.  It is unclear whether Plaintiff practices a religion that requires him to eat kosher meals.  It is unclear whether the denial of kosher meals (or any meals at all) was pursuant to a particular policy.  Plaintiff may amend his pleadings in order to allege sufficient facts to establish a civil rights violation under the standards set forth above.

* * * *

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: December 19, 2019            */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE

11